UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROCCO CREEL, THOMAS HAMILL ADVOCATES FOR DISABLED AMERICANS.<br>            Plaintiffs,<br><br>vs.<br><br>ROWAN UNIVERSITY Ali A. Houshmand<br>            Defendant(s). | CASE NO.<br><br>Civil Action<br><br><br>PLAINTIFFS' COMPLAINT |

Plaintiff Rocco Creel residing at 16 Ivy Hall Lane Sicklerville, Camden County, New Jersey, Plaintiff Thomas J. Hamill, residing at 370 Grove Ave., Apt 106, West Deptford, Gloucester County, New Jersey and Plaintiff Advocates for Disabled Americans, doing business in Camden County New Jersey, by way of complaint against Defendant states.

## JURISDICTION

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiffs allege a violation of the Americans With Disabilities Act (ADA) and the Rehabilitation Act of 1973.

## PARTIES

2. Plaintiff Creel resides at 16 Ivy Hall Lane Sicklerville Camden County New Jersey, Camden County, New Jersey. He is a wheelchair user.

3. Plaintiff Hamill resides at 370 Grove Ave Apt 106, West Deptford Gloucester County, New Jersey. Plaintiff Hamill uses a wheelchair and is disabled.

4. Advocates For Disabled Americans is a non-profit New Jersey corporation. Members of this corporation are disabled. The purpose of this corporation is to represent the interest

of its members by assuring public accommodations and government services are accessible to its members and the disabled as mandated by the LAD, ADA and access laws.

5. The AFDA and its members have sustained an injury and will continue to do so until the access laws are obeyed/complied with, by the defendants. One and more members have suffered an injury that would allow them to bring suit in their own right. The AFDA has also been injured by using resources to prosecute this claim. In addition, the AFDA has also been discriminated against because of its association with its disabled members and their claims.

6. The Defendant Rowan University is a public entity organized and operating under the State of New Jersey with an address of 201 Mullica Hill Road, Borough of Glassboro, Gloucester County, New Jersey.

7. President Ali A. Houshmand is the President of Rowan University. He is being sued in his official capacity pursuant to the *Ex parte Young* Doctrine, 209 U. S. 123 (1908)

## STATEMENT OF THE CASE

This suit is a private action brought by Plaintiffs, who uses a wheelchair as a result of his disability, for injunctive relief under the New Jersey Law Against Discrimination and its regulations contained in N.J.A.C. 13:13-4.1, et al., which mandates that public accommodations have an affirmative duty to make its services accessible to the disabled unless to do so would cause the public accommodation an undue burden on its operation. N.J.A.C. 13:13-4.11.as well as the federal American with Disabilities Act, 42 USC 12101 et seq. as well as the federal R.

It would be wise to review the purposes of the access laws. First, the laws are about opportunity; as former Speaker of the House Gingrich has stated, "Mr. Chairman, throughout our history, our disabled citizens have not been provided the opportunity to participate in all phases of society. Designed to provide 43,000,000 Americans with enhanced opportunities, this bill,

then, embodies the conservative idea of opportunity." 136 Cong. Rec. H2631 (daily ed. May 22, 1990) (Statement of Rep. Gingrich).

Second, the law is about the economic wellbeing of America. As former Attorney General Thornburgh testified, "We must recognize that passing comprehensive civil rights legislation protecting persons with disabilities will have direct and tangible benefits for our country. Certainly,…the mainstreaming of persons with disabilities will result…in more employment opportunities for persons with disabilities, in increasing earnings, in less dependence on the Social Security System for financial support, in increased spending on consumer goods, and increased tax revenues." Testimony before House Committee on Civil and Constitutional Rights, Ser No. 101-58, Oct. 11, 1989, p. 811.

Third, the law is to end segregation. As Senator Kennedy stated, "The Americans With Disabilities Act will end this American apartheid. It will roll back the unthinking and unacceptable practices by which disabled Americans today are segregated, excluded, and fenced off from fair participation in our society by mindless biased attitudes and senseless physical barriers. 135 Cong. Rec. 54993 (daily ed. May 09, 1989) (Statement of Sen. Kennedy). It is respectfully submitted that Senator Dole's opinion that the access laws are about dignity, "Living independently and with dignity means opportunity to participate fully in every activity of daily life136 Cong. Rec. S9695 (daily ed. July 13, 1990) (Statement of Sen. Dole).

Not surprising, this State has greatly exceeded federal law by promulgation of regulations to the New Jersey Law Against Discrimination, N.J.A.C. 13:13-4.1 that allows for damages and adopted the higher standard of "undue burden" compared to the readily achievable standard. Compare N.J.A.C. 13:13-4.11 to 42 U.S.C. § 12181(a). These rights under the LAD are recognized by the Courts; Walker v. Guiffre, 200 N.J. 124, 156 (2012); Stoney; v. Maple Shade

Township, 44 A.3d 601 (N.J. App. Div. 2012); Lasky v. Borough of Hightstown, 426 N.J. Super. 68 (App. Div. 2012); Estate of Nicolas v. Ocean Plaza Condominium Association, 388 N.J. Super. 571 (App. Div. 2006); Moyer v. Showboat Casino Hotel, Atlantic City, 56 F. Supp. 2d, 498 (D.N.J. 1999); D. B. v. Bloom, 896 F. Supp. 166 (D.N.J. 1995); Warrington v. Village Supermarket, 328 N.J. Super 410 (App. Div. 2000).

It is no surprise that New Jersey has recognized greater rights for the disabled than the United States. Justice Stevens has written:

> "New Jersey prides itself on judging each individual by his or her merits and on being in the vanguard in the fight to eradicate the cancer of unlawful discrimination of all types from our society." Peper v. Princeton Univ. Bd. of Trustees, 77 N.J. 55 (1978). Since 1945 it has had a law against discrimination. The law broadly protects the opportunity of all persons to obtain the advantages and privileges of any place of public accommodation. The New Jersey Supreme Court's construction of the statutory definition of a "place of public accommodation" has given its statute a more expansive coverage than most state statutes. In its "exercise of this high power" today, the Court does not accord this "courageous state" the respect it is due. Boy Scouts of America v. Dale, 530 U.S. 640, 663-664 (2000).

Plaintiffs seek an award of injunctive relief, damages, and attorney fees as a private attorney general.

The Courts have explained the role of private enforcement of the access laws.

The 9th Circuit explained, "For the ADA to yield its promise of equal access for the disabled it may be indeed necessary and desirable for committed individuals to bring serial litigation advocating the time when public accommodations will be compliant with the ADA", D'Lil v. Best Western Encino-Lodge & Suites, 538 F.3d 1031 (9th Cir. 2008).

As Judge Henderson of the United States District Court wrote;

4

"There can be no question that the Americans With Disabilities Act, passed in 1990, established as law the nation's interest in eradicating the bigotry and barriers faced by individuals with disabilities. . .The ADA creates the possibility that successful Plaintiffs may establish permanent changes in the design and physical configuration of structures to better accommodate the disabled. . .The benefits of such changes clearly redound not only to the Plaintiffs themselves but to similarly situated disabled persons, and the entire society at large. As a result, Plaintiffs or Plaintiff classes who bring suit pursuant to the ADA do so in the role of 'private attorneys general' who seek to vindicate a policy of the highest priority."

In Walker v. Guiffre, 200 N.J. 124, 156 (2012) in awarding an enhancement in a LAD held, "Her obligation served not her sole interests, but the interests of any and all who had been or who might otherwise in the future have been denied access to the premises. The relief sought, both because it was equitable in nature and because it was designed to serve a broad social purpose weighs in favor of a continuous enhancement at the highest end of the spectrum."

## FIRST COUNT

8. Plaintiff Creel is a student at Defendant's state University. He is disabled and uses a Wheelchair.

9. Plaintiff Creel ability to enjoy the services of the Defendant has been impaired as a result of the Defendant's lack of proper access to him and the disabled as a whole.

10. Specifically, Defendant does not provide proper accessible parking, proper accessible routes throughout the campus, proper accessible bathrooms, etc. This lack of access includes both for educational purposes and well as extra curricular activities.

11. Defendant does not maintain its accessible elements.

12. Defendant Rowan by way of example it is most difficult for Plaintiff Creel to use parking spaces provided for the disabled because non disabled students use said spaces. Creel

requested that Rowan enforce the parking laws for the disabled by requiring that students prove to Rowan that they are disabled. Rowan out of hand rejected this proposal. Another instance, Creel is an education major and was placed in inaccessible classrooms both on and off campus For clinical practice.

13. Plaintiffs reserve the right to amend their allegations as discovery progresses.

14. Defendant receives funding from the United States of America.

15. The lack of accessibility is a violation of the New Jersey Law Against Discrimination, the federal Rehabilitation Act of 1973, and the Americans With Disabilities Ac by Defendant Rowan.

16. Plaintiff Creel seeks an order requiring the Defendant to make Defendant's campus accessible to the disabled pursuant to the aforementioned access laws.

17. As a result of the aforementioned discrimination Plaintiff Creel sustained anger and emotional distress.

18. Plaintiff Creel intends to continued to return and utilize the services f the Defendant both as a patron and a tester.

WHEREFORE, Plaintiff Creel demands judgment for:

1. Injunctive relief.
2. Attorney fees.
3. Costs of suit.
4. Damages under the lAD and Rehabilitation Act of 1973.

**SECOND COUNT**

19. Plaintiff Hamill repeats the allegations of the first complaint.

20. Plaintiff Hamill on many occasions was a patron at the Defendants including enjoying

6

sporting events and campus in 2015.

21. His ability to use the services of the defendants have been impaired because of lack of proper access to him and the disabled.

22. Specially, Rowan does not provide proper parking for the disabled in that it is not located on the safest most direct route as mandated by NJAC 5:23-7.10(a). In that Hamill is a wheelchair user it is more difficult for him to travel from point A to B therefore he has been discriminated against by defendants.

23. The route from the parking to the front entrance is on acute slopes perhaps more than five feet that are dangerous and hard to overcome to Hamill it is in violation of NJAC 5:23-7.7 and ANSI 406.7. Because of these violations, Hamill had difficulties while using the curb ramp.

24. In addition the parking for the disabled is not proper.

25. The above violations are also violations of federal law and state law.

26. The discriminatory violations described above are not an exclusive list of the defendants' accessibility problems/violations. Plaintiffs' require an inspection to identify all barriers.

27. Therefore, plaintiff Hamill has been discriminated against in violation of the LAD and ADA.

28. As a result plaintiff Hamill has sustained emotional distress and seeks damages under the LAD.

29. The plaintiff intends to be a frequent patron of defendants. He also return as a tester.

30. Plaintiff seeks equitable relief in that to create access would not cause an undue Burden and would be readily achievable if the above violations are pre-existing construction.

Wherefore plaintiff Hamill seeks:

a) Damages under the LAD.

b) Injunctive relief under the ADA, LAD and Rehabilitation act of 1973.

c) Attorney fees and costs of suit under both the LAD, ADA .and Rehabilitation Act of 1973.

### THIRD COUNT

31. Plaintiff AFDA repeats the allegations of the first count.

32. Plaintiff Advocates for Disabled Americans with offices in Cherry Hill, Camden County New Jersey and its members have suffered and will continue to suffer direct and indirect injury as a result of this discrimination.

33. Wherefore, Plaintiff Advocates for Disabled Americans demands judgment for:

   a. Injunctive relief.

   b. Damages under the LAD

   c. Attorney fees.

   d. Costs of suit.

### FOURTH COUNT

34. Plaintiffs repeat the allegations of count one two and three.

35. The Defendant Ali A. Houshmand, in his official capacity, has the power and responsibility to have Defendant Rowan University comply with the ADA.

36. Plaintiff Loose seeks an order instructing the Defendant Ali a. Houshmand to make said facility accessible to the disabled.

WHEREFORE, Plaintiffs demand judgment for

1. Injunctive Relief

2. Attorney fees and Costs of Suit.

Dated:   May 21, 2016.                    s/Anthony J. Brady, Jr.
                                          ANTHONY J. BRADY, JR., ESQUIRE
                                          1 Rose Avenue
                                          P. O. Box. 129
                                          Maple Shade, New Jersey 08052
                                          (561) 603.6387.
                                          Email: ladbrady@gmail.com
                                          Attorney for Plaintiffs