IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROCCO CREEL, THOMAS HAMILL, and ADVOCATES FOR DISABLED AMERICANS,<br><br>    Plaintiffs,<br><br>  v.<br><br>ROWAN UNIVERSITY and ALI A. HOUSHMAND,<br><br>    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 16-2883 (JBS/AMD)<br><br>**OPINION** |

APPEARANCES:

Anthony J. Brady, Jr., Esq.
1 Rose Avenue
P.O. Box 129
Maple Shade, NJ 08052
    Counsel for Plaintiffs

Kathryn Elizabeth Duran, Esq.
OFFICE OF THE ATTORNEY GENERAL, STATE OF NEW JERSEY
25 Market Street
P.O. Box 112
Trenton, NJ 08625
    Counsel for Defendants

**SIMANDLE**, Judge:

I.   **INTRODUCTION**

    This matter comes before the Court on Defendants Rowan University ("Rowan") and Ali A. Houshmand's ("Houshmand") Motion to Dismiss the Complaint. [Docket Item 12.] Plaintiffs Rocco Creel ("Creel"), Thomas Hamill ("Hamill"), and Advocates for Disabled Americans ("AFDA") filed this lawsuit against

Defendants on May 22, 2016, alleging violations of the New Jersey Law Against Discrimination, N.J.S.A. §10:5-1 et seq. ("NJLAD"); the Rehabilitation Act of 1973, 29 U.S.C.A. §§ 701-796 ("RA"); and the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 ("ADA").  Plaintiffs allege that Rowan's campus is inaccessible for wheelchair users and does not provide appropriate parking for people with disabilities.

Defendant has moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) (for lack of AFDA's standing to sue) and 12(b)(6) (for failure of Plaintiffs Creel and Hamill to state a claim). Plaintiffs submitted a response in opposition [Docket Item 14] and Defendants submitted a letter brief in reply [Docket Item 15].

For the reasons set forth below, the Court grants Defendant's Motion without prejudice to the rights of Plaintiffs Creel and Hamill to file an Amended Complaint curing the many pleading deficiencies noted herein.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

Rocco Creel is a resident of New Jersey who uses a wheelchair and is disabled. Thomas Hamill is also a New Jersey resident who uses a wheelchair and is disabled. AFDA is a non-

---

[1] The facts alleged are drawn from Plaintiffs' Complaint [Docket Item 1]. For purposes of this motion, the Court must accept Plaintiffs' allegations as true.

profit corporation doing business in New Jersey whose members are disabled. [Docket Item 1 ¶¶ 2-3, 8.]

Rowan University, located in Glassboro, Gloucester County, New Jersey, is a public university "organized and operating under the State of New Jersey"; Ali A. Houshmand is the president of Rowan University and is being sued in his official capacity. [Id. at ¶¶ 6-7.]

Creel is a student at Rowan; he alleges that his "ability to enjoy the services" of Rowan "has been impaired as a result of the Defendant's lack of proper access to him and the disabled as a whole." [Id. at ¶¶ 8-9.] More specifically, Creel alleges that Rowan does not provide "proper accessible parking, . . . routes throughout the campus, . . . bathrooms, etc. . . . both for educational purposes [as] well as extra[-]curricular activities" and "does not maintain its accessible elements." [Id. at ¶¶ 10-11.] He alleges that non-disabled students use parking spaces provided for the disabled; that Rowan rejected Creel's suggested method of enforcing the parking limitations "by requiring that students prove to Rowan that they are disabled"; and that Creel, as an education major, "was placed in inaccessible classrooms both on and off campus" as part of his clinical practice. [Id. at ¶¶ 12-13.] Creel asserts that he "sustained anger and emotional distress" as a result of this

3

lack of accessibility and that he intends to continue to return and use Rowan's services "both as a patron and a tester." [Id. at ¶¶ 17-18.]

Thomas Hamill, in contrast, alleges that he was "on many occasions" "a patron at the Defendants[,] including enjoying sporting events and campus [sic] in 2015." [Id. at ¶ 20.] Hamill allege that his ability to use Rowan's services has "been impaired because of lack of proper access to him and the disabled." [Id. at ¶ 21.] Specifically, Hamill alleges: that Rowan "does not provide proper parking for the disabled in that it is not located on the safest most direct route as mandated by NJAC 5:23-7.10(a). . . . [and] it is more difficult for him to travel from point A to B" as a wheelchair user; that the "route from the parking to the front entrance is on acute slopes perhaps more than five feet that are dangerous and hard to overcome" resulting in Hamill having "difficulties while using the curb ramp," "in violation of NJAC 5:23-7.7 and ANSI 406.7"; that "the parking for the disabled is not proper"; and that the above "discriminatory violations" are not an exclusive list of Defendants' "accessibility problems/violations" and Plaintiffs "require an inspection to identify all barriers." [Id. at ¶¶ 22-24, 26.] Hamill alleges that he has suffered emotional distress as a result of these violations and "intends to be a frequent

4

patron of [D]efendants" and "also return as a tester." [Id. at ¶¶ 27-29.]

Both Creel and Hamill seek injunctive relief, damages, attorneys' fees, and costs. [Id. at 6, 8.] AFDA seeks the same. [Id. at ¶¶ 31-33.] Plaintiffs also seek injunctive relief in the form of an order instructing Houshmand "to make said facility accessible to the disabled." [Id. at ¶ 36.]

### III. STANDARD OF REVIEW[2]

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the nonmoving party. A motion to dismiss may be granted only if a court concludes that the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Although the court must accept as true all well-pleaded factual allegations, it may disregard any legal conclusions in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009);

---

[2] The Court exercises jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Iqbal, 556 U.S. at 678.

In addition, the complaint must contain enough well-pleaded facts to show that the claim is facially plausible. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "If the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. at 679 (internal quotation marks and citation omitted).

## IV. DISCUSSION

### A. AFDA

Defendants seek to dismiss Count III, AFDA's claim, pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that AFDA lacks standing either to pursue claims in its own right or as a representative of its individual members. [Docket Item 12-1 at 10-14.] See Pa. Prison Soc'y v. Cortes, 508 F.3d 156, 162-63 (3d Cir. 2007); Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 280 (3d Cir. 2014).

Plaintiffs, in their Response, state that they "will not contest Defendants['] motion to dismiss [AFDA] for lack of

standing." [Docket Item 14 at 7.]

Accordingly, the Court will grant Defendants' Motion to Dismiss as to AFDA, and thus, Count III is dismissed.

**B. Hamill**

Defendants argue that Hamill's allegations that Defendants violated the ADA, RA, and NJLAD are conclusory and do not allege sufficient factual content to allow his claim to proceed under Iqbal/Twombly; to the extent that his remaining allegations are factual assertions rather than legal conclusions, Defendants assert such allegations are insufficient to state a claim for relief because "they present at most a sheer possibility that Defendants took action consistent with liability." [Docket Item 12-1 at 15-17.] Furthermore, Hamill's lack of specificity "makes it impossible for Defendants to determine if certain affirmative defenses apply" such as statute of limitations or laches; and Hamill should be required to plead with specificity "the exact portions of Rowan's campus which are allegedly inaccessible," making it difficult or impossible for Defendants to ascertain if "any affirmative defenses apply in regard to the ownership or age of the building." [Id. at 17.]

In response, Plaintiffs argue that Hamill has sufficiently alleged "that he was excluded from the services, programs or activities of a public entity on account of his disability"

7

where Hamill alleges that he is "disabled and use[s a] wheelchair, that he was discriminated against in the use of Defendants' services on account of his disability by virtue of "Defendant having physical barriers, which include lack of accessible parking, routes [and] bathroom[s]," and that he will return "as a patron[] and tester[]." [Docket Item 14 at 3-4.]

In order to state a claim for relief under Title II of the ADA, 42 U.S.C. § 12132, a plaintiff must allege: (1) that he or she is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) because of his or her disability. Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 553 n.32. Physical barriers may constitute discrimination against the disabled. See Disabled in Action of Pa. v. Southeastern Pa. Transp. Auth., 635 F.3d 87, 92 (3d Cir. 2011).

The RA, 29 U.S.C. § 794(a), "provides that a qualified disabled person shall not, 'solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]'" Chisolm v. McManimon, 275 F.3d 315, 324 n.9.

8

The NJLAD, N.J.S.A. §§ 10:5-4, 10:5-4.1, "provides that '[a]ll persons shall have the opportunity to obtain . . . all the accommodations, advantages . . . and privileges of any place of public accommodation' without discrimination on the basis of disability." Chisolm, 275 F.3d at 324 n.9.

The Third Circuit has stated that, because "Congress has directed that Title II of the ADA be interpreted to be consistent with the Rehabilitation Act" and because "New Jersey courts typically look to federal anti-discrimination law in construing NJLAD," it is appropriate to apply analysis and principles of the ADA "equally to . . . Rehabilitation Act and NJLAD claims." Id.

Defendants are correct when they state that Hamill attempts to bolster his claim of a violation by citing to "regulatory which is no longer valid." [Docket Item 12-1 at 16.] See 47 N.J.R. 2352(b) (Sept. 21, 2015) (repealing N.J.A.C. 5:23-7.1 to 5.23-7.14).

To the extent that Hamill alleges specific facts in support of his allegations that he was denied "reasonable accommodation [or] reasonable access" to Defendants' facilities, Lasky v. Moorestown Twp., 42 A.3d 212, 219 (N.J. Super. 2012), his allegations are, essentially:

(1) That the parking Rowan provided for the disabled is

9

>              "not located on the safest[,] most direct route";

>         (2) That it is "more difficult" for Hamill "to travel"
>              from "point A to B"[3]; and

>         (3) That "the route from the parking to the front entrance
>              is on acute slopes perhaps more than five feet,"[4] that
>              said slopes "are dangerous and hard to overcome" and
>              resulted in Hamill "having difficulties using the curb
>              ramp."

[Docket Item 1 at ¶¶ 22-23.] The remainder of Hamill's allegations are conclusory and without factual support under Iqbal and Twombly.

These generalized allegations are conclusory and give no

---

[3] The Court takes under advisement Defendants' argument that this specific statement "gives no indication that this route is on Rowan's campus, is accessible by the public, or that any difficulty arises from Rowan's failure to comply with the ADA." [Docket Item 12-1 at 16.] However, taking all factual assertions as true and construing them in the light most favorable to Plaintiffs, the Court finds that the placement of this statement in the context of ¶ 22 of the Complaint suggests that the difficulty Hamill experienced in "travel[ing] from point A to B" was in the immediate physical context of the "parking for the disabled" that Rowan provides, and should not be disregarded as Defendants urge.

[4] Defendants here urge that Plaintiffs' inclusion of the word "perhaps" renders this allegation "equivocal and not a plausible basis for liability." [Docket Item 12-1 at 17.] However, again, construing the Complaint in the light most favorable to Plaintiffs, the Court finds that Plaintiffs' allegation that the slopes were "acute" is sufficiently clear to provide the necessary factual underpinning to this claim, regardless of Plaintiffs' lack of specificity as to the actual angle or height of the slopes in question.

indication of the factual grounds for claiming lack of access. These are classic "threadbare recitals of the elements" of attempted causes of action "supported by mere conclusory statements" which cannot suffice to meet the Rule 12(b)(6) standard under Iqbal, 556 U.S. at 678.

Which parking lots are deficient? In what way are they not compliant? What routes does Plaintiff use and how are they deficient? The Complaint fails to make allegations with sufficient specificity to place Defendants on notice of what they are accused of, and, in a broader sense, what are the actual contours of this suit.

Accordingly, the Court will grant Defendants' motion to dismiss Hamill's claims under the ADA, the RA, and NJLAD.

**C. Creel**

Defendants argue that, because Creel was a student at Rowan, not only are his claims subject to the requirements of Iqbal and Twombly, he must also allege that he requested (and was denied) accommodation from Defendants before he filed his lawsuit. [Docket Item 12-1 at 18-20.]

Under Title II of the ADA, a plaintiff "claiming discrimination on the basis that a public entity failed to provide a particular reasonable accommodation needs to show that the public entity had knowledge that the individual required

11

accommodation." Lasky v. Borough of Hightstown, 43 A.3d 445, 451 (N.J. Super. 2012) (citing Robertson v. Las Animas County Sheriff's Dep't, 500 F.3d 1185, 1196 (10th Cir. 2007)). See also Kiman v. N.H. Dep't of Corrs., 451 F.3d 274, 283 (1st Cir. 2006) ("[T]he ADA's reasonable accommodation requirement usually does not apply unless triggered by a request") (internal citations omitted). "The requirement that a plaintiff request accommodation prior to filing suit is especially compelling in cases involving a claim of a failure to accommodate where there exists a prior relationship between the parties, as in education . . . settings." Lasky v. Hightstown, 43 A.2d at 451 (citing In re: Reasonable Testing Accommodations of LaFleur, 722 N.W.2d 559, 562 (S.D. 2006) and D'Amico v. N.Y. State Bd. of Law Exam'rs, 813 F. Supp. 217, 221 (W.D.N.Y. 1993)).

However, "when a disabled individual's need for an accommodation is obvious . . . or where the claim is an overall lack of program accessibility under Title II . . . there is no requirement that the plaintiff have requested a specific accommodation before filing the lawsuit in order to prevail." Lasky v. Hightstown, 43 A.2d at 452 (internal citations omitted). The court continued: "[W]here a more generalized claim alleging overall lack of access is made, a plaintiff seeking redress should not be required, as a prerequisite to filing such

a claim, to first make a request for a reasonable accommodation" under NJLAD. Id. at 453.

Taken in the light most favorable to Plaintiffs, Creel's factual allegations are, essentially, that:

(1) Rowan does not provide proper accessible parking, routes throughout campus, or bathrooms, both in educational and extracurricular contexts;

(2) Rowan does not maintain what accessible elements it does have;

(3) Rowan does not provide adequate accessible parking in that it does not adequately prevent non-disabled students from occupying parking set aside for the disabled; and

(4) Rowan placed Creel in inaccessible classrooms as part of his clinical practice as an education major.

[Docket Item 1 at ¶¶ 10-13.]

As with Hamill's allegations above, these allegations are conclusory and do not give sufficient indication of the factual grounds for Creel's claims of lack of access. In addition to the questions the Court had above about the insufficiency of the parking for the disabled, Creel's claims present even more factual questions that should rightly be answered within the complaint.

For instance, which parking lots are deficient? In what way are they not compliant? Which routes does Plaintiff use across campus and how are those routes deficient? Which bathrooms are inaccessible and what specific factual violations are alleged with regard to them? Which are the poorly maintained accessible elements and how are they factually deficient? Which parking set aside for the disabled is permitted by Defendants to be used by non-disabled students, and what notice do Defendants have of this condition? Which classrooms does Mr. Creel allege were inaccessible to him and in what way was their inaccessibility manifested to him? Were these classrooms under Defendants' control?

As above with regard to Hamill's claims, Creel's claims fail to make allegations with adequate specificity to place Defendants on notice of what they are accused of and what alleged violations this lawsuit will be about.

As to Defendants' argument that Creel was required to request an accommodation before he may file suit, the Court finds that only the fourth of the above allegations presents a "failure to provide a reasonable accommodation" claim rather than a more generalized "claim alleging overall lack of access," such that the special relationship that arises in an educational setting would require Creel to make a fact-specific request of

the condition denying him reasonable access and have that request denied before he may prevail in a lawsuit. The other allegations, in contrast, are more akin to claims alleging overall lack of access, and the Court does not understand Title II of the ADA, the RA, or the NJLAD to require plaintiffs specifically to request access as a prerequisite to suit. See Lasky v. Hightstown, 43 A.3d at 452-53. Creel should cure this pleading defect in any revised pleading.

Furthermore, to the extent that Creel's use of a wheelchair and his concordant inability to use inaccessible classrooms as part of his clinical practice could be construed as "obvious," the Court will decline to dismiss Creel's claim based on that factual allegation as well. See Robertson, 500 F.3d at 1197 (public entity's knowledge of the need for accommodation "may derive from an individual's request" or it may "know of the individual's need for an accommodation because it is 'obvious'") (citing Kiman, 451 F.3d at 283 ("sometimes the person's [disability and concomitant] need for an accommodation will be obvious; and in such cases, different rules may apply") and Reed v. LePage Bakeries, Inc., 244 F.3d 254, 261 n.7 (1st Cir. 2007) (in a Title I case, a request for accommodation may not be required when the disabled individual's needs are "obvious")). "When a disabled individual's need for an accommodation is

15

obvious, the individual's failure to expressly 'request' one is not fatal to the ADA claim. See, e.g., Chisolm v. McManimon, 275 F.3d 315, 330 (3d Cir. 2001)[.]" Robertson, 500 F.3d at 1197. This aspect of the Complaint is deficient not because Mr. Creel didn't mention his wheelchair, but rather because one cannot tell from the Complaint where these classrooms are and how they failed to comply with the statutes that give rise to his causes of action.

Accordingly, Counts One and Two will be dismissed without prejudice for failure to state a claim. Any Amended Complaint by Creel and Hamill must cure these deficiencies and be filed within twenty-one (21) days.

**D. Claims for Unknown Violations**

Defendants argue that Plaintiffs' claims in the Complaint that they "require an inspection to identify all barriers" [Docket Item 1 at ¶ 26] and "reserve the right to amend their allegations as discovery progresses" [id. at ¶ 13] should be dismissed as hypothetical, alleging only vague and inchoate injury, and failing to state a claim for relief. [Docket Item 12-1 at 20-22.] The Court agrees.

Standing under Article III of the U.S. Constitution requires that a plaintiff demonstrate an "injury in fact" by alleging "that as a result of the defendant's actions he has

suffered a distinct and palpable injury." Havens Realty Corp. v. Coleman, 455 U.S. 363, 364 (internal citations omitted). "[A]n injury-in-fact" is a harm that is "concrete and particularized" "and . . . actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (internal citations omitted).

Under the ADA, "plaintiffs need not engage in the futile gesture of visiting a building containing known barriers that the owner has no intention of remedying, . . . they must at least [allege] knowledge of the barriers and that they would visit the building in the imminent future but for those barriers." Steger v. Franco, 228 F.3d 889, 892 (8th Cir. 2000) (internal citations omitted); Access 4 All, Inc. v. Boardwalk Regency Corp., No. 08-3817, 2010 WL 4860565, at *4 (D.N.J. Nov. 23, 2010).

Accordingly, Plaintiffs cannot sustain a claim for barriers of which they have no knowledge and only seek to discover during the discovery process. The Court will grant Defendants' motion to dismiss as to these claims. Should Plaintiffs wish to amend their Complaint to cure these deficiencies, they may do so within twenty-one (21) days.

**IV. CONCLUSION**

For the foregoing reasons, the Court will grant Defendants'

motion as to AFDA (Count III) for lack of subject matter jurisdiction. The Court will grant Defendants' motion as to Counts I, II and IV, for failure to state a claim. The accompanying Order will be entered, and Plaintiffs Creel and Hamill are granted leave to file an Amended Complaint addressing these deficiencies within twenty-one (21) days of the entry of the accompanying Order.

**June 23, 2017**             **s/ Jerome B. Simandle**
Date                                  JEROME B. SIMANDLE
                                         U.S. District Judge