UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROCCO CREEL, THOMAS HAMILL<br><br>Plaintiffs,<br><br>vs.<br><br>ROWAN UNIVERSITY ALI A. HOUSHMAND<br><br>Defendant(s). | CASE NO.:1:16-cv-02883 - JBS-AMD<br><br>Civil Action<br><br>**FIRST AMENDED**<br><br>**COMPLAINT** |

Plaintiff Rocco Creel residing at 16 Ivy Hall Lane Sicklerville, Camden County, New Jersey, Plaintiff Thomas J. Hamill, residing at 370 Grove Ave., Apt 106, West Deptford, Gloucester County, New Jersey and by way of complaint against Defendant states

## JURISDICTION

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiffs allege a violation of the Americans With Disabilities Act (ADA) and the Rehabilitation Act of 1973.

## PARTIES

2. Plaintiff Creel resides at 16 Ivy Hall Lane Sicklerville Camden County New, Jersey. He uses a wheelchair user. He is a t-2, to t-5 incomplete paraplegic, meaning that Creel has limited use of his lower extremities. He uses a manual wheelchair. Creel has severe Hemophilia. Hemophilia is a genetic bleeding disorder, where blood does not clot normally due to the missing protein factor 8. The bleeding episodes that occur cause damage to internal joints and muscle tissues. The pain caused from these bleeding episodes is extreme and debilitating. Because of this hemophilia. Creel has extreme joint damage in his elbows and shoulders with arthritis in most of his upper Extremities. Hereafter referred to as Creel.

3. Plaintiff Hamill resides at 370 Grove Ave. Apt 106, West Deptford Gloucester County,

New Jersey. Plaintiff Hamill uses a wheelchair and is disabled as a result of being an incomplete quadriplegic.   Hereafter referred to as Hamill.

4.      The Defendant Rowan University is a public entity organized and operating under the state of New jersey with an address of 201 Mullica Hill Road, Borough of Glassboro, Gloucester County, New Jersey. Hereafter referred to as Rowan.

5.      President Ali A. Houshmand is the President of Rowan University He  is being sued in his official capacity pursuant to the *Ex parte Young* Doctrine, 209 U. S. 123 (1908).

## FIRST COUNT

6.      Plaintiff Creel was a student at Defendant's state University from 2013 to 2016 and intends to return as a student, tester and also to enjoy the services of the University as a patron alumnus. He is disabled and uses a wheelchair.

7.      Plaintiff Creel ability to enjoy the services of the Defendant has been impaired as a result of   the Defendant's lack of proper access to him and the disabled as a whole.

8.      Specifically, listed below is the lack of services not properly available to the Creel and the disabled as a whole.

    a.  James Hall or commonly called Education Hall. Creel had classes from 2013 until 2016 in James Hall, including April 21, 2015. His ability to utilize the classes and services were impaired in that the Defendant Rowan  does not have  an accessible routes to James Hall, including the areas facing the engineering building as well the entrance, as the area the Esbjornson Gym Lot M sports area and the area facing the building sports area on its side in violation of ICC A117.1 5:23-7.1 through 7.14 which was moved to 5:23-3.14(b)10 and  5:23-7.15 which  was moved to 5:23-3.4(a)1402 et al. (Hereafter referred  to as 117.1) including 403, 405, 405, 406.2, 406.3 and federal ADAAG 402, 403.3 405.3. in that there are cross slopes that greatly exceeds 1:48.  The entrances do not have proper access with the curb cut too steep from

2

the parking area. The route near the gym has a trash bin and pole blocking the route and the route has cross slopes in access of 2% , which is a violation of 117.1 403, 405, 406, and federal ADAAG 402, 403.3  405 and is not maintained.

The area complained of has a longitude of 39.70929  and latitude - 75.117900   The entrance facing the engineering building and/or parking lot L-1 does not have accessible  route in that the slopes and one space is on a slope exceeding  in that there are cross slopes that exceed 1:48.  In regard to James building parking the defendant does not provide proper parking for the disabled. The parking facing the athletic building or called Esbjornson Gym Lot M is on slopes that exceed 1:48 and is not on an accessible route.  117.1 402, 403, 405, 405, 406.and 502 and federal ADAAG 402, 403, 405, 406 and 502 in that there are cross slopes that greatly exceeds 1:48. On the exterior side of James Hall facing lot LO-1 is a garden that is not accessible to the disabled  nor to Creel, due to a lack of an accessible route having grass and dirt route to reach it. The bathrooms in the building are not accessible that the doors have too much door pressure and close too quickly. Pressure is greater than 5lbs and closes quicker than 5 seconds. 117.1, 404 and 404.8 and ADAAG 404.2.8 and 404.2.9.  Classrooms doors are too heavy and close too quickly. 117.1 ,404.2.7.1 and 404.8 and ADAAG 404.2.8 and 404.2.9.  ADAAG 404, 2.8, 404.2.9 and ICC 404.2.7 and 2.8. Monitors height are too high exceeding 34 inches. 117.1 902   and ADAAG 902.

To sum up, the services at James Hall are not accessible to Creel on account of his disability, namely: classes, routes, parking, bathrooms, a garden and equipment materials.

    b.  Library. From his admission to Rowan until graduation in January 2017, Creel has intended to use the library.  However, this would have been dangerous to Creel and thus a futile gesture, because the ramps to the library are too long and too steep-5.7% with a run longer than 50 feet and a lack of level landings. The bottom of the ramp is 3.9 %. It should be1:48. Said Ramp located at

3

Rt.322, longitude 39.709128 and latitude -75. 11790.

The library has no accessible bathroom since the door is too heavy and closes to fast. 117.1 403, 405, 406 and federal ADAAG 402, 403, 405; 117.1, 404. and ADAAG 404.

    c.   Athletic fields:  From Creel's admission to Rowan until graduation in January 2017 Creel has intended to use the library. However, this would have been dangerous to Creel and thus a futile gesture. In addition, there is no accessible routes or proper parking for the disabled to the football field, basketball courts, woman's softball, intramural fields.  The softball field and basketball does not have proper seating for the disabled. At the football field the counters are too high. 117.1 403, 405, 406, 502 and ADAAG 403, 405, 406, 502; 117.1 902. and ADAAG 902.

    d. Robinson Hall and Wilson  Hall:  During the fall of 2014 Creel had classes in these buildings. His ability to utilize the Halls was impaired because of the lack of accessible routes. The curb cuts are too steep with slopes greater than 8.33 % and cross slopes greater than 2%.  In Addition, there are no accessible bathrooms because the doors are too heavy greatly exceeding 5lbs and closes faster than 5 seconds required by ADAAG 404. and 117.1 404. The routes from parking for the disabled to the entrance are on the acute slope and are not accessible. 117.1 502 and ADAAG 502.

    e.  Science Hall: Creel had classes spring  2016 in James Hal.  His ability to utilize the classes and services were impaired in that the Defendant Rowan does not provide accessible routes, including the area leading to the Science building. The route from Route 322, longitude 39.70929 and latitude 75. 11790, to Science Hall has dangerous ramps with cross slopes much greater than 2% without level landings. There are no accessible routes from James Wilson, Robinson Halls, as well Esbjornson Gym to Science Building, Library and College Center because  the curb cuts are too steep. 117.1 402, 403, 405, 405, 406.and 502

and federal ADAAG 402, 403,405, 406 and 502. There are no accessible bathrooms in aforementioned buildings because the doors are too heavy, they greatly exceed 5lbs and close faster than 5 seconds.  ADAAG 402.8, 404.2.9 and 117.1 404.2.7 and 2.8.

     f. The Student Center: On a number of occasions Creel used the services of the Student Center including January, 2016. Creel wanted to utilize the services of the Student Center on more occasions but because of lack of accessible routes, did not do so, since, it would been dangerous. The entrance on the Rt. 322 area has a steep ramp without proper handrails and Student Center has no accessible entrance. 117.1 402, 403, 405, 405, 406.and 502 and federal ADAAG 402, 403,405, 406 and 502.

     g. Parking lots for Disabled: Creel, from his admission until 2016 attempted and used Defendants' parking lots H, M and O-1. Lot O-1 was build post 2015. None of the parking lots are property accessible. The parking for the disabled have illegal slope, an improper cross slopes and inaccessible routes.  The adjacent parking lots O and B1 as well as the newly constructed parking lot 6 and 6-1 are not properly accessible, being too steep and not closest to the facilities they serve. 117.1 502 and ADAAG 502. Creel often was unable to park in the parking for the disabled because Rowan has no affective policy. Creel on numerous occasions complained to Defendants John Woodruff, Christy Peters, DeFilippis, and Johanna Velez Yelin in November, 2013 up until  April 4, 2015.

     h. Routes: Throughout his tenue the ability to utilize the services of Rowan was impaired due to the lack of proper routes as discussed above.

     j. Miscellaneous. Rowan does not provide accessible call boxes not being on accessible routes for example next to the James Building 117.1 402, 403, 405, 405, 406 and ADAAG 402, 403, 405, 405, 406   Many of the offices have doorknobs instead of levers in the Political Science Department. 117.1404 ADAAG 404   Creel was an education major. In 2015 he was assigned to

5

inaccessible school for student teaching. Calls boxes throughout the campus are not on accessible routes, including near James Hall and next to the sidewalk near Rt. 322. Longitude 39.711306 latitude -75. 1200. Park Benches are not accessible being not on accessible routes. 117.1 402 and ADAAG 402.

9. As a result, Creel sustained discrimination on account of his disability in the enjoyment of Rowans' services Creel intends to return to Rowan both as a patron, as a student and as a tester.

10. The lack of accessibility is a violation of the New Jersey Law against Discrimination, the and the Americans with Disabilities Act Title II as well as its regulations. NJSA 10:5-1 to 50; NJAC 13:13-4.12. and 42 USC 12131 et al and 28 CFR 35.151 et al.

11. Plaintiff Creel seeks an order requiring the Defendant to make Defendant's campus accessible to the disabled pursuant to the aforementioned access laws.

12. As a result Creel sustained emotional and physical injury.

13. Rowan knew or should have known of the lack of access and thus discrimination, but failed to take action reasonably calculated to end the lack of access and discrimination. In the alternative, Rowan is guilty of deliberate indifference.

   WHEREFORE, demands judgment for:

   1) Injunctive relief.

   2) Attorney fees.

   3) Costs of suit.

   4) Damages under the LAD.

## SECOND COUNT

14. Plaintiff Hamill repeats the allegations of the first complaint.

15.     Plaintiff Hamill on numerous occasions was a patron at the Defendants including enjoying a basketball game on November 24, 2015 and a football game December 6, 2015

16.     His ability to use the services of the defendants have been impaired because of lack of proper access to him and the disabled.

17.      The gym does not have accessible parking or routes cited in Count 1. The bathroom door is not accessible because the door pressure is to heavy and does not have seating for the disabled. Cited in Count 1. ADAAG 4.1.3.

18.     There is no accessible parking at the football field, routes are too steep, counters are too high, parking is not on the closest accessible route.

19.      The lack of accessibility is a violation of the New Jersey Law against Discrimination and The Americans with Disabilities Act Title II as well as its regulations. NJSA 10:5-1 to 50 NJAC 13:13-4.12. and 42 USC 12131 et al and 28 CFR 35.151 et al.

20.     Hamill intends to be a frequent patron of defendant's university once it is accessible. Hamill intends to return as a patron and tester.

21.      Plaintiff Hamill seeks equitable relief.

   Wherefore plaintiff Hamill seeks:

   a) Injunctive relief under the ADA and LAD.

   b) Attorney fees and costs of suit under both the LAD and ADA.

### THIRD COUNT

22.     Plaintiffs' repeat the allegations of the first two counts.

23.     President Ali A. Houshmand is the President of Rowan University He is being sued in his official capacity pursuant to the *Ex parte Young* Doctrine, 209 U. S. 123 (1908). President Houshmand is named in case Rowan asserts a 11th Amendment to the Constitution defense.

Wherefore plaintiffs seek:

    a) Injunctive relief under the ADA and LAD.

    b) Attorney fees and costs of suit under both the LAD and ADA.


DATED:                            s/Anthony J. Brady Jr.
                                   ANTHONY J. BRADY, JR., ESQ.
                                   1 Rose Ave. PO Box 129
                                   Maple Shade NJ
                                   Tel.: 561-603-6387
                                   #0100366
                                   Attorney for Plaintiffs