Anthony J. Brady, Jr. Esquire
1 Rose Avenue
Maple Shade, NJ 08052

BY:    ANTHONY J. BRADY, ESQUIRE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROCCO CREEL and THOMAS HAMILL** | |
| | **Civil Action No.: 1:16-cv-02883-JHR-AMD** |
| **Plaintiffs,** | |
| **v.** | |
| **ROWAN UNIVERSITY, ALI A. HOUSHMAND, and PROFESSOR CHANELLE WILSON-POE** | **CONSENT AGREEMENT** |
| **Defendants.** | |

**THIS MATTER** having come before the Court by the attorneys for the Plaintiffs, Anthony J. Brady, Esq. and the parties representing to the Court that all issues concerning the relief sought in Plaintiffs' Complaint are settled, and the Court having considered the positions of the parties, and in consideration for the mutual promises made between the parties, and the parties having agreed as follows; and good cause having been shown:

**IT IS** on this 22nd day of July, 2020, **ORDERED** as follows:

1.      This Consent Agreement is designed to resolve the disputes between the parties with regard to this lawsuit. This Consent Agreement is being entered by mutual agreement of the parties solely for the purpose of settlement. It is understood and agreed that this Consent

Agreement is a settlement of disputed claims, and that it shall not constitute an adjudication on the merits of this lawsuit and shall not be construed as an admission by the defendant of a violation of the Americans with Disabilities Act and the Rehabilitation Act of 1973, the New Jersey Law Against Discrimination, or any other Federal or State laws.

2.      Plaintiffs Rocco Creel and Thomas Hamill have brought suit against Rowan University alleging violations of Title II of the Americans with Disabilities Act, Title 42 U.S.C. §§ 12131 et seq. (Title II, ADA), and its implementing regulation, 28 C.F.R. Part 35, as well as the Rehabilitation Act of 1973 ("Rehabilitation Act") and the New Jersey Law Against Discrimination ("NJLAD"). Plaintiffs sued Defendants, Rowan University as well as Ali A. Houshmand and Chanelle Wilson-Poe, in part seeking injunctive and declaratory relief, and any other relief that the court were to have deemed necessary, just and proper.  The Complaint alleges problems with University buildings and facilities, sidewalks, curb cuts, parking, and other problems which purportedly impede access to individuals with disabilities at Rowan University. The Complaint also alleges that Defendant Wilson-Poe retaliated against Plaintiff Creel for requesting an accommodation in her class while he was a student at Rowan University

3.      Definitions

(a)      "Defendants," as used herein, refers to Rowan University, as well as Ali A. Houshmand and Chanelle Wilson-Poe,

(b)      "Rowan" or the "University" refers to Defendant Rowan University located in Glassboro, New Jersey.

(c)      "Houshmand" refers to Defendant Ali A. Houshmand.

(d)      "Wilson" refers to Defendant Chanelle Wilson-Poe,

(e)      "Plaintiffs" refers to Rocco Creel and Thomas Hamill.

(f)    "Creel" refers to Plaintiff Rocco Creel.

(g)    "Hamill" refers to Plaintiff Thomas Hamill.

(h)    "Parties" refer to the Plaintiffs and the Defendants.

(i)    Plaintiffs' Complaint or the Complaint shall refer to Plaintiffs' Second Amended Complaint filed on November 7, 2017.

(j)    "ADA" refers to Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 et seq., and its implementing regulations, 28 C.F.R. Part 35.

(k)    "ADA Compliant" means conforming to the ADA standards applicable to the specific building or facility.

(l)    "ADA standards" means:

(i)    with regard to existing Rowan University buildings and facilities, that have not been altered since January 26, 1992, the standard and definition of altered are those contained in 28 C.F.R. § 35.150(a), (i.e., when viewed in its entirety, is readily accessible to and usable by individuals with disabilities).

(ii)    with regard to new construction on Rowan University buildings and facilities that have been altered since January 28, 1992, the standard is that contained in 28 C.F.R. § 35.151(b), (i.e., to the maximum extent feasible, be altered in such manner that the altered portion of the facility is readily accessible to and usable by individuals with disabilities).

(m)    References made to the "Plaintiffs' Expert Report" shall mean the report dated December 19, 2019 authored by Albena Shutenko of Access International and submitted to Defendants on December 23, 2019.

4.      Within nine (9) months of the entry of this Order, Rowan University shall, in accordance with applicable procurement procedures, solicit, select, and engage a consultant or consulting firm (hereinafter, "ADA Consultant") with recognized expertise in ADA compliance.

5.      Within one (1) year of being engaged by Rowan University, the ADA Consultant shall prepare a Transition Plan for the University, which, within a reasonable time thereafter, shall be adopted by Rowan University pursuant to 25 C.F.R. Section 35.150.

6.      Separately, and in addition, the ADA Consultant shall:

(a)      Within one year of being engaged, review and inspect the Rowan University buildings and other facilities which are alleged in Plaintiffs' Complaint to be in violation of Title II of the ADA, the Rehabilitation Act and the NJLAD (the "Alleged Violations"), and giving due consideration to the findings set forth in Plaintiffs' Expert Report, shall, with respect to such Alleged Violations, issue a preliminary report setting forth the ADA Consultant's determinations ("ADA Consultant's Report") as to whether and to what extent modifications are necessary to ensure that any Alleged Violation is made ADA Compliant ("Required Modifications").

(b)      The ADA Consultant's Report shall include a timeline ("Modification Timeline") for making Required Modifications, which shall not exceed 60 months in duration from the date the Report is finalized ("Modification Period").  The Modification Timeline shall set forth completion deadlines for each different type or category of Required Modification based on the complexity, project cost, construction scheduling requirements, University calendar, budgetary considerations, or other reasonable factors (including but not limited to scheduling work to coincide with related planned construction or improvements which are not Required

4

Modifications); however, it is the intent of the parties that the Modification Timeline shall provide for reasonable progress throughout the Modification Period.

(c)     Prior to finalization, the ADA Consultant's Report shall be submitted to Plaintiffs' attorney, Anthony Brady, Esq., for review.  Plaintiff's attorney shall have thirty (30) days to raise any objections with respect to the ADA Consultant's Report (including the Modification Timeline).  Any objections shall be raised, initially to Rowan University's General Counsel's office, for discussion and possible amicable resolution.  Should the parties be unable to resolve the objections amicably, the parties agree to the following process for seeking a resolution, which either party may initiate:

(i)     The parties shall engage a mediator mutually agreed upon by the parties to conduct one or more mediation sessions in order to resolve the objections to the ADA Consultant's Report.  Unless otherwise agreed by the parties, said mediation will take place within sixty (60) days of it being requested by either party.  The parties hereby agree that Judge James D. Clyne, Retired, shall, if available, be a mutually acceptable mediator.  In the event that Judge Clyne is not available, the parties agree that the mediator shall have the qualifications of at least being a retired New Jersey Superior Court or District Court Judge.  The cost of the mediation shall be borne by both parties.

(ii)     In the event the parties are unable to reach a resolution by way of their discussions and mediation, either party may seek to resolve their dispute by application to the Court, which, as set forth herein, retains jurisdiction over this matter for settlement purposes.

(iii)     Upon agreement by the parties, or as may be ordered by the Court, the ADA Consultant's Report shall be deemed finalized and shall be implemented by Rowan University as set forth therein.

7.      Once finalized, the ADA Consultant's Report may not be modified except by agreement of the Parties.  If at any time the University desires to modify any portion of the ADA Consultant's Report, including the Modification Timeline, because of changed conditions making performance impossible or impractical or for any other reason, it will promptly notify the Plaintiffs' counsel in writing, setting forth the facts and circumstances thought to justify modification and the substance of the proposed modification. The Parties shall use their best efforts to reach an Agreement and submit to the Court a stipulation evidencing the modification. If the parties are unable to agree, the University may file a motion for modification, giving notice to Plaintiffs' counsel pursuant to the Federal Rules of Civil Procedure.

8.      Other than with respect to the finalization of the ADA Consultant's Report, for which a dispute resolution procedure is set forth in Paragraph 6 above, if the Plaintiffs believe that this Agreement, or any requirement thereof, has not been complied with, Plaintiffs shall notify Rowan University in writing and shall first attempt to resolve the issue(s) in good faith.  If the parties are unable to reach a satisfactory resolution of the issue(s) raised within thirty (30) days of the date Plaintiffs provide notice to the University, Plaintiffs may elect to seek enforcement and/or injunctive relief to enforce the terms of this Consent Agreement by judicial intervention.

9.      In the event the Required Modifications are not timely completed in all material respects, Plaintiffs shall be entitled to obtain injunctive relief to enforce the terms of this Consent Agreement.  Additionally, in any court action to enforce this Agreement, the prevailing party shall be entitled to an award of their reasonable attorney's fees and costs.

10.     Failure by the Plaintiffs to enforce any individual provision, requirement of deadline delineated within this Consent Decree shall not be construed as a waiver of Plaintiffs' right to enforce any other provision, requirement or deadline of this Consent Agreement.

11.     Rowan University shall submit periodic written reports, no less than annually, regarding its progress towards making the Required Modifications to Plaintiffs' Counsel for review.

12.     In consideration for the Release and for Plaintiffs' other promises contained in this Agreement, and in full settlement of all claims for damages of any type or nature, specifically including attorneys' fees and costs of suit, Plaintiffs and Rowan University agrees to pay the gross total sum of $160,000, payable as follows:

(a)     Rowan University shall issue a check made out to Rocco Creel in the gross total sum of $100,000, which shall be payable to him without deduction or withholding. Rowan University will issue an IRS Form 1099 to Creel for this full amount.

(b)     Rowan University shall issue a check made out to Anthony Brady, Esq. the gross total sum of $60,000, which shall be payable to him without deduction or withholding. Rowan University will issue an IRS Form 1099 in this amount to Mr. Brady.  Mr. Brady shall supply his firm's Tax Identification Number (via an executed IRS Form W-9) to Attorney, to David A. Rapuano, Esquire, within seven (7) days of the execution of this Agreement by Plaintiffs.

(c)     The monetary payments set forth in this paragraph 12 shall be made within thirty (30) days of the entry of this Consent Agreement by the Court.

13.     Release of All Claims

(a)     Plaintiffs hereby release Defendants from claims pursuant to Title II of the ADA, the Rehabilitation Act, and the NJLAD regarding programs, facilities, services and activities for the claims that were asserted in the above-captioned action, provided that, this release shall in no way limit Plaintiffs' ability to monitor and enforce Rowan University's compliance with the terms of this Agreement.

(b)     Plaintiffs shall not hereafter assert or claim that Rowan University is required to make additional or different modifications to the facilities, programs, services and activities that are delineated in this Agreement, or that the University is required to follow different standards for future construction other than that which is set forth herein, nor attempt to enforce standards regarding physical access, participation, or equal enjoyment to University programs, facilities, programs and activities which conflict with that which is agreed herein.

(c)     Additionally, Plaintiff Rocco Creel hereby releases finally and forever Rowan University, its current or past officers, board members, directors, employees, agents, predecessors, successors and assigns, and all persons acting in such capacities during and before the time Creel was a student at Rowan University, including without limitation, Ali A. Houshmand and Chanelle Wilson-Poe Defendants (together "Releasees"), from all claims and rights in law or equity (including those of which Creel is not aware and those not mentioned in this Order) that he ever had, now has, or hereafter may have, resulting from anything which has happened up until the date this Order; provided that, this release shall in no way limit Plaintiff's ability to monitor and enforce Defendants' compliance with the terms of this Agreement

14.     The Court shall retain jurisdiction over this matter for purposes of enforcement, the resolution of any dispute that may arise under this Order, and for the entry of any further orders as may be appropriate.

15.     The Complaint is hereby dismissed with prejudice.

16.     A copy of this Order shall be served upon all appearing parties via ECF.


_____
JOSEPH H. RODRIGUEZ, U.S.D.J.



The undersigned hereby consent to the entry of the within Consent Agreement. The undersigned advise that they are expressly authorized by their respective clients to enter into the within Agreement.



s/ *Anthony J. Brady*                              /s David A. Rapuano___
Anthony J. Brady, Jr. Esquire             Archer & Greiner, P.C.
1 Rose Avenue                                   One Centennial Square
Maple Shade, NJ  08052                  Haddonfield, NJ 08033

Telephone:  (561) 603-6387            Direct Dial: 856-616-2603
Email:  ladbrady@gmail.comAttorney for            drapuano@archerlaw.com
Plaintiffs                                           Attorney for Defendants



218228265v5

9